(thief Justice Robertson,
delivered the opinion of the court.
Tins writ of error is prosecuted to reverse a judgment in favor of the Commonwealth, for the benefit of William Easly and wife, as rela¡o¡s, against Samuel Wilborne as surety, in a guardian’s bond, executed by Austin Powell, as guardian of Sarah Netherly, now Mrs. Easiy, one of the relators.
Demurrers were sustained to various pleas, and the only question which we shall consider, is whether any of the pleas be good.
None of the pleas contain matter sufficient to bar the action, unless the 4 th aud 5th be sufficient.
The 5th is insufficient. It avers, that after the acknowledgment of the bond sued on, Powell, as gum-dian,atthe instaure of Wilborne, and for his indemnity, executed another guardian’s bond in the eoimiy court, with it. Netherly as surety, and, that afterwards, the relators released said Netherly from the obligation of that bond. Now, although the last bond was taken by the county court, with the intention of thereby cming Wilborne, nevertheless, the two bonds were, in law, distinct, the parties to them were not thesanw, and their obliga! ion was not. joint, nor did it result from *618 ihe same source. Ia equity the sureties in both bonds V''0UW be considered as parties to the same undertak-dug, and might, therefore, be compelled to contribute. Hutchcraft et. al. vs. Shrout's heirs, I Monroe, 200.
, , ...... i emulates iho power of as to^u-mli^ ansaiíchvards.
But a joint suit at law could -not be maintained against the obligors in both bonds, and an extinguish* mcnt °f 0Ee bie bonds by release or cancelment, would not destroy or impair the legal obligation of the other. Wherefore, whatever- effect might have rc- ¡^,}^ ¡n equity from the alleged release, that release * • «/ o 7 did cot-extinguish rhe legal liability incurred by the-execution of the first bond.
-But the 4i.hplea contains sufficient matter to bar the action, it avers that the county court before which the bond was acknowledged, had, when the last bond was executed, made an order exonerating the surety in-the first bond. The power of the county courts over guardians and wards, is very comprehensive, and their authority for scouring those who have become bound as sureties for guardians, seems to be limited only by the constitution. Roe 1 Dig. 614.
The act of 1797, authorizes county courts to make such an order for the relief of a guardian’s surety, “«.? to tlicmshall seem just. 1 hey maj' require counter seeurity,orremove thcguardian,ortakeihe ward’s estate from k'e gliai'dian. Why may they not, therefore, substibale a new bond, as was done in this case, and discharge a surety in the iirst bond? Such a power is compres hended by the letter of their authority, and maybe safely, and even sometimes usefully exercised. A guardian who maybe able to give anew guardian’s -bond with ample security, may not he able to give counter security to a surety in his first bond; for, as the law has not provided for the relief of a counter surety as it has fora surety in a guardian’s bond, the responsibility of a surety m a counter bond, is more perilous than that of a surety in a guardian’s bond. If a guardian shall be'unable to provide counter security for the indemnity of bis uneasy surety, but shall be able and willing to execute a new guardian’s bond with sufficient sureties in lieu of his first bond, why may not the county court, all the members of which will be responsible for any improvident act, take a new bond as a substitute d thus, if it choose, cancel the first bond*! *619 We can perceive no reason why this could'' not have been done where guardian’s bonds were made payablé •fothe county courts, and'we cannot'suppose that the statute which substituted the Commonwealth for the county court, as the obligee, has changed, or curtailed the originalpozueroi the county courts. Moreover, the obligation of. a guardian’s bond must he subject to the power possessed by the county court over guar-* dians and their bonds and wards at the, date of thfe bond.
If tile grant of power to county courts be,- in its terms, sufficient to control guardians and their wards, and to release one surety by substituting another, or one bond by the acceptance of another, according to the discretion of the court, there is nothing in the constitution which can curtail that power so far as to render inoperative the order pleaded in this case; for then the obligation of the bond-acknowledged by Wilborne,. depended on a contingency contemplated at the time ■of its execution, that is, that the county court might •exonorate him by the substitution of another surety in a new bond, if such an act should be deemed proper for his relief If the-obligation of the substitute should be co-extensive with that of the original surety, no inconvenience would-result; and if the liability should be prospective only, or otherwise more circumscribed than that of the first bond, the county coart would-be liable to the ward for any consequential damage. The power of the- county court over a guardian’s bond, is not exhausted by receiving its acknowledment; plenary power, limited only by a sound and responsible discretion, still remanís for securing the w-ard and the sureties of the guardian. And'if the exoneration of a-surety be considered proper for his relief, and consistent with the rights of the ward, the former may here-, leased, andUhe latter will have no legal cause for complaining, unless the substituted- libability be insufficient, and then the county court itself may be responsible.
The jurisdiction and' power of the court continue during the wardship; and this jurisdiction, and this power are not restricted to the guardian and the ward, but may be applied to the guardian’s bond. Such power as that exercised in this case, should be exercised. *620 with provident circumspection. Its possible abuse however, does not profits non-existence. It does, in our opinion exist, and nothing appears in this case tending to shew, that the facts did not juslity the manner of exercising it.
.Denny, for plaintiff.
Wherefore, the judgment of the circuit court is re ier?ed, and tlx; cause, remanded, with instructions to overrule the demurrer to the 4th plea.